UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )    No. 23 CV 14546 |
| v. | ) |
| | )    Judge |
| ELIZABETH A. CHERVINKO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The United States of America, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, brings this action under the False Claims Act, as amended, 31 U.S.C. § 3729, *et seq.,* and under the common law. The United States brings this action against Elizabeth A. Chervinko to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.,* and to recover damages, including punitive damages, and prejudgment interest under common law theories of fraud, payment under mistake of fact, and unjust enrichment.

### Jurisdiction and Venue

1.      This court has jurisdiction over this matter pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2.      Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1395(a).

### Parties

3.      The plaintiff is the United States of America on behalf of the Small Business Administration ("SBA"), an agency of the United States government.

2

4.      Defendant Elizabeth A. Chervinko ("Chervinko") is a domiciliary of the State of Illinois.

## Factual Background

5.      The Small Business Administration (SBA) provides support to small businesses.

6.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed, to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program ('PPP").  In or around April 2020, Congress authorized over $320 billion in additional funding for PPP loans.

7.      Beginning in or about March 2020, and continuing to in or about June 2020, in the Northern District of Illinois, Eastern Division, defendant and co-defendant Samuel W. Jackson (collectively, the "defendants") knowingly made false claims, false statements, and damaged the United States of $410,505.68 in funds administered through the Small Business Administration, which the defendants were not entitled to receive.

8.      Specifically, beginning in May 2020, and continuing until June 2020, the defendants received CARES Act benefits through the Small Business Administration (SBA).

9.      In May 2020, at Jackson's direction, Chervinko applied for two PPP loans for Ordained Destination while knowingly using false and fraudulent information and documents provided by Jackson.  The first fraudulent loan application and related materials were sent to Loan Service Provider A and denied.  Chervinko, knowing that the application materials contained false

3

and fraudulent representations, submitted a second loan application and related materials to Lender A and was approved for a $392,927.90 PPP loan.

10.     The application materials contained several documents that were fake and/or contained false information. Upon receiving these documents from Jackson, Chervinko submitted them with the second loan application.

11.     Chervinko knowingly submitted to Loan Service Provider A a fraudulent IRS Form 941, which contained misrepresentations of Ordained Destination's number of employees, amount of wages, tips, and other compensation paid during the first quarter of 2020. Chervinko submitted a fraudulent Operating Agreement for Ordained Destination, which falsely represented that Chervinko made a $310,000 cash contribution to Ordained Destination.

12.     Chervinko also submitted to Loan Service Provider A falsified Bank of America account statements, which as Chervinko knew, contained false and fraudulent representations regarding Ordained Destination's bank account balances.

13.      Through the submission of the false and fraudulent PPP loan application and supporting materials, Chervinko caused Lender A to disburse a PPP loan of $392,927.90 on or about June l, 2020, into an Ordained Destination account maintained at Bank of America, when Chervinko knew that she, nor Ordained Destination, were entitled to the PPP loan funds.

14.     On or about June l, 2020, Chervinko transferred the $392,927.90 in PPP loan funds from the Ordained Destination Bank of America account into which they were received, to another Ordained Destination account at the Bank of America.

15.     Following Ordained Destination's default on the PPP Loan, in or around April 2022, the SBA paid Lender A $399,505.68 to purchase the guarantee on Ordained Destination's

PPP loan. This amount represented a principal payment of $392,927.90 and interest payment of $6,577.78.

16. In addition to fraudulently applying for PPP loans, Chervinko, at Jackson's direction, fraudulently applied for Economic Injury Disaster Loan ("EIDL") loans for Ordained Destination and herself. Ordained Destination received a $1,000 EIDL advance from the SBA, which was deposited into Ordained Destination's Bank of America account.

17. In June 2020, Chervinko applied to the SBA for an EIDL loan in her own name using false and fraudulent information provided by Jackson regarding: (a) the nature of Chervinko's purported business and number of employees; and (b) gross revenue for the 12 months prior to the disaster. The application was not approved; however, Chervinko received a $10,000 EIDL advance from the SBA, which was deposited into Chervinko's personal bank account.

18. At Jackson's direction, Chervinko did not touch any of the PPP funds until he told her what to do with them, and to not tell anyone that she had received this loan. The vast majority of these funds were used for Jackson's benefit.

19. But for Chervinko's false statements and false claims, she would not have received SBA benefits from March 2020, through June 2020.

20. As a result of Chervinko's actions, the United States has been damaged in the amount of $410,505.68.

**Count I**
**False Claims Act — False Claims**

21. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 20 as if set forth fully herein.

22. By virtue of the acts described above, from March 2020, to in or about June 2020, the defendant knowingly presented, or caused others to present, to an officer, employee or agent

5

of the United States false or fraudulent claims to obtain payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

23.     As used in this count, the term "knowingly" means that a person, with respect to information, (a) has actual knowledge of the information; (b) acts in deliberate ignorance of the truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information.

24.     The United States paid the false or fraudulent claims because of the acts of Chervinko and, as a result, the United States has incurred actual damages in the amount of $410,505.68, exclusive of interest and costs.

25.     Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended, Chervinko may be liable to the United States under the treble damage and civil penalty provision of the False Claims Act.

**Count II**
**Payment By Mistake**

26.     The United States repeats and realleges each allegation set forth above in paragraphs 1 through 20 as if set forth fully herein.

27.     The United States made payments on the claims submitted by Chervinko under the erroneous belief that the claims for payment were based upon representations that were factually accurate and which represented actual dates of unemployment.

28.     The United States' erroneous belief was material to the payments made by the United States to Chervinko.

29.     Because of these mistakes of fact, Chervinko received monies to which she is not entitled.

30.     By reason of the overpayments described above, The United States is entitled to damages in the amount of at least $410,505.68.

**Count III**
**Unjust Enrichment**

31.     The United States repeats and realleges each allegation set forth above in paragraphs 1 through 20 as if set forth fully herein.

32.     Because of Chervinko's conduct, she has been unjustly enriched with federal monies that in good conscience she should not be allowed to retain.

33.     Chervinko has been unjustly enriched to the detriment of the United States in the amount of $410,505.68.

**Claim For Relief**

WHEREFORE, the United States demands judgment against the defendant as follows:

(a)      on Count I (False Claims), judgment against defendant for treble the United States'

single damages of $410,505.68 plus civil monetary penalties as set forth in the False Claims Act;

(b)      on Count II (Payment by Mistake), judgment against defendant for single damages,

pre-and post-judgment interest, and any such further relief as the court deems appropriate; and

(c)      on Count III (Unjust Enrichment), judgment against defendant for single damages,

pre-and post-judgment interest, and any such further relief as the court deems appropriate.


Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: *Scott D. Heffron*

SCOTT D. HEFFRON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
scott.heffron@usdoj.gov

2